### 8680

### HUGGINS v. PRICE.

POWERS—FAMILY SETTLEMENT.—On the ground that it would be inequitable to allow a party to disturb a family settlement, the benefits of which he has enjoyed, *a division of lands and sale of one portion by the donee in her lifetime is sustained, although the power is to dispose of by will.*

Before G. W. RAGSDALE, special Judge, Horry, November, 1912. Affirmed.

Action by John A. Huggins *et al.* against Georgia Page Price. Plaintiffs appeal.

*Mr. Robert B. Scarborough,* for appellant, cites: *No power to appoint by deed:* 14 S. C. 528; 28 S. C. 545; 43 S. C. 273; 4 Rich. Eq. 475; 84 S. C. 464. *As to estoppel:* 70 S. C. 195; 79 S. C. 407; 67 S. C. 454.

*Mr. H. H. Woodward,* contra, cites: *Donee could appoint by deed:* 84 S. C. 464. *Estoppel:* 32 S. C. 259.

October 29, 1913.

PER CURIAM. This action for the recovery of possession of real estate, by agreement of the parties, was tried by the Judge, without a jury, and resulted in a decree and judgment in favor of the defendant.

The plaintiffs sued in behalf of themselves and others, too numerous to be made parties, answering to the description of, "the heirs of Susan E. Huggins, who shall be the children or issue of her body." They claim under a conveyance embracing the land in dispute, made 29th June, 1859, by Absalom Powell to James C. Powell, "in trust for, and to the only use and benefit of the said Susan E. Huggins, wife of Evan Huggins, aforesaid, and in trust for and to the use and benefit of the heirs of said Susan E. Huggins, who shall

be the issue of children of her body, and to such other use or uses as the said Susan E. Huggins, at any time during her natural life, shall appoint, devise of, dispose of by her last will and testament in writing authenticated in due form of law, and the said Absalom Powell, for himself, his heirs, executors, administrators and assigns doth hereby covenant to and with the said James C. Powell, his heirs, executors, administrators and assigns, that he is lawfully seized in fee of the premises aforesaid, and that he has good right and title to sell the same, and that he will, his heirs, executors, administrators and assigns shall warrant and forever defend the same, against the lawful claims of all persons whatsoever."

The defendant claims under a deed of conveyance made on 30th October, 1902, by Susan E. Huggins to G. S. and C. S. Price.

We cannot doubt that the Circuit Judge was in error in holding that a power was given to Susan E. Huggins to dispose of the property by deed. The power of appointment, devise and disposition conferred on Susan E. Huggins was plainly limited by the words, "by her last will and testament, authenticated in due form of law;" and she could make no disposition of the land, except by will. Hence, if nothing more appeared, the plaintiffs would be entitled to recover, but the facts agreed on make it equally clear that the Circuit Judge was well warranted in holding that the defendant is entitled to hold the land in dispute under a division in the entire tract, made by Susan E. Huggins with the acquiescence of all her children.

Some time prior to 1902, Mrs. Huggins made a will, devising all the lands embraced in the trust deed, the portion now in dispute being devised to Tellie Huggins. Finding that Tellie Huggins, who was living out of the State, desired money instead of land, she destroyed this will, and, on 20th October, 1902, made another, by which she divided her lands, except the land in dispute, among her sons, charging

each of them with certain sums to be paid to her daughters. On the next day, she conveyed to G. S. and C. S. Price the land in dispute, which she had previously devised to Tellie Huggins, and sent to her son, Tellie, the purchase money. We infer from the record, as nothing appears to the contrary, that all the sons and daughters, on the death of their mother, accepted the provisions made for them in her will, which was manifestly intended by her to be setting off to them of a just share of the property embraced in the trust deed. A part of this plan of division and family settlement was giving Tellie Huggins the benefit of the land intended for him, by selling it and sending him the proceeds, according to his request. We think equity forbids that those who took, and now hold, the benefits of the plan adopted, and provision made, by the mother as a family settlement—a just distribution of the property among her children—should now repudiate it. They cannot take the shares allotted to them by their mother and claim also that which was allotted to their brother, Tellie Huggins. On the other hand, the children of Tellie Huggins have no right, because they can claim only through him and he elected to have the land sold and the money paid to him. We think the case comes fully up to the rule laid down in *Smith* v. *Tanner,* 32 S. C. 259, where the Court says: "Courts of equity have uniformly upheld and sustained family arrangements in reference to property, where no fraud, imposition, or overreaching appears, with a 'strong hand.' As is said in the text writers: 'In family arrangements, an equity is administered in equity which is not applied to agreements generally.' Story's Eq. Jur. No. 132; Pom. Eq. Jur. No. 851; *Trigg* v. *Read,* 42 Amer. Dec. 461; *Bossard* v. *White,* 9 Rich. Eq. 483; *Stockley* v. *Stockley,* 1 Ves. & B. 30. And such arrangements will be held binding when, in cases between strangers, the like agreements would not be enforced. It is needless to go into the reason of this doctrine. It is sufficient to say that it

is well established, and has often been applied, both in England and America."

On the ground that it would be inequitable to allow the plaintiffs to disturb a family settlement, the benefits of which they have enjoyed, the judgment of the Circuit Court is affirmed.

Affirmed.